**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV-25-00042-TUC-JCH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Charles P Corbell, et al., | |
| Defendants. | |

On March 24, 2025, Plaintiff United States of America filed a Motion for Leave to Serve Process by Alternative Means (Doc. 5). Plaintiff requests permission to serve Defendants Charles P. Corbell, Robert P. Corbell, and Kathryn Corbell (together "Defendants" or the "Corbells") with the Complaint and Summons via certified mail, fist-class mail, and email. Doc. 5 at 1. For the following reasons, the Court will grant Plaintiff's Motion.

**I.      BACKGROUND**

Plaintiff filed its Complaint against Defendants on January 31, 2025 (Doc. 1). Prior to filing suit, Plaintiff attempted several times to come to a resolution with Defendants out of court. *See* Doc. 5 at 2–3. Plaintiff first sent a letter informing Defendants of the claims against them and offering to discuss a potential resolution on November 22, 2024. Doc. 1 at 2; Doc. 5-2. The parties exchanged several messages via mail and email where Plaintiff attempted to set up an in-person meeting with Defendants, and Defendants insisted that Plaintiff answer a series of questions about the nature of the United States' claim and

authority over Defendants. Doc. 5 at 1–2; *see also* Docs. 5-6 through 6-2. Defendants never agreed to meet with Plaintiff. *See* Doc. 5 at 2–3.

On February 12, 2025, the United States Marshals Service ("USMS") arranged to meet with Defendants at their local sheriff's office to attempt to serve process. Doc. 5 at 3; Doc. 6-3. Defendants initially agreed to the meeting, but they failed to appear and indicated USMS would have to track them down in order to serve them. *Id.* On February 14, USMS attempted to serve Defendants at Robert Corbell's last known work address. *Id.* USMS also attempted to call Robert and Kathy Corbell, but they received no response and were unable to serve process. *Id.* Later that day, Plaintiff sent a "Notice of a Lawsuit and Request to Waive Service of Summons" form and "Waiver of the Service of Summons" form to each Defendant via certified mail. Doc. 5 at 3–4; Docs. 6-4 through 6-6. Defendants Robert and Kathryn Corbell refused the certified mailings, and Defendant Charles Corbell's certified mailing was returned. Doc. 5 at 4; Docs. 6-7 through 6-9. Plaintiff believes attempting personal service would be "extremely difficult and would pose undue safety risks," and provides reasons why it believes this to be the case. *See* Doc. 5 at 3–4.

## II.     Service Impracticable

Federal Rule of Civil Procedure Rule 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Arizona Law, an individual may normally be served by "(1) delivering a copy of the summons and the pleading being served to that individual personally; (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Ariz. R. Civ. P. 4.1(d). However, if a party can show that service via the traditional means is impracticable, "the court may—on motion and without notice to the person to be served—order that service be accomplished in another manner." Ariz. R. Civ. P. 4.1(k)(1). If serving by alternative means, "the serving party must make a reasonable

effort to provide the person being served with actual notice of the action's commencement" and "must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." Ariz. R. Civ. P. 4.1(k)(2).

Based on the Affidavit of Alan Garcia (Doc. 6-3), the Court finds traditional service on Defendants would be impracticable. USMS began attempting to physically serve Defendants on February 12, 2025, and due to safety concerns, arranged for assistance from the Greenlee County Sheriff's Office. Doc. 6-3 at 2. USMS has attempted to serve Defendants at Robert Corbell's work and communicate with Defendants via phone. *Id.* Though Defendants are aware of the impending action against them by virtue of their communications with Plaintiff, they have been unresponsive to USMS's attempts to arrange service. *See Id.* at 3–4. It would be impracticable and potentially dangerous for Plaintiff to personally serve Defendants. *See Rios v. Lux Interior & Renovation LLC*, No. CV-23-01686, 2023 WL 6318009, at *2 (D. Ariz. Sept. 28, 2023) (finding alternative service was warranted where plaintiffs unsuccessfully attempted to physically serve defendants on four occasions and contact defendants by phone); *Mountains of Spices LLC v. Lafrenz*, CV-21-01497, 2022 WL 20328740, at *2 (D. Ariz. Feb. 17, 2022) (authorizing alternative service where plaintiff attempted to serve defendants multiple times unsuccessfully, and defendants knew of the lawsuit and appeared to be avoiding service).

### III. Alternative Means

When traditional service is impracticable, service via U.S. mail and certified mail have been found to be appropriate alternative methods. *Rios v. Lux Interior & Renovation LLC*, 2023 WL 6318009, at *2. Service via email has also been found to be "a reasonable effort to provide the person being served with actual notice of the action's commencement." *Mountains of Spices LLC v. Lafrenz*, 2022 WL 20328740, at *2 (quoting Ariz. R. Civ. P. 4.1(k)(2)); *see also Ruffino v. Lokosky*, 245 Ariz. 165 (Ariz. Ct. App. 2018). The Court will thus grant Plaintiff's request to serve Defendants via certified mail, first-class mail, and email. Plaintiff must make reasonable efforts to provide Defendants with actual notice by

mailing the Summons, the Complaint, and this Order to Defendants' respective registered home addresses. The Court understands Plaintiff has previously communicated with Defendants via email with Robert Corbell at rcorbell2@vtc.net. *See, e.g.*, Docs. 5-7, 5-8. Emailing the Summons, the Complaint, and this Order to rcorbell2@vtc.net will further ensure Defendants receive actual notice.

**IV.     Order**

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Leave to Serve Process by Alternative Means (Doc. 5).

**IT IS FURTHER ORDERED** that the United States shall serve copies of the Complaint, the Summons issued to Charles Corbell, and this Order by first-class and certified mail to Mr. Corbell at his last-known residential address, which is 1000 San Francisco River Road, Clifton, Arizona 85533, and at P.O. Box 1775, Clifton, Arizona 85533.

**IT IS FURTHER ORDERED** that the United States shall serve copies of the Complaint, the Summons issued to Robert Corbell, and this Order by first-class and certified mail to Mr. Corbell at his last-known residential address, which is 562 Lemons Lane, Duncan, Arizona 85534.

**IT IS FURTHER ORDERED** that the United States shall serve copies of the Complaint, the Summons issued to Kathryn Corbell, and this Order by first-class and certified mail to Mrs. Corbell at her last-known residential address, which is 562 Lemons Lane, Duncan, Arizona 85534.

**IT IS FURTHER ORDERED** that the United States shall email copies of the Complaint, the Summonses issued to Charles Corbell, Robert Corbell, and Kathryn Corbell, and this Order to rcorbell2@vtc.net.

///

///

///

Dated this 25th day of March, 2025.

_____
John C. Hinderaker
United States District Judge